# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MARY RITA BARTELL and <br> HARRY BARTELL, <br>                     Plaintiffs, <br> vs. <br> TERRY GOVOREAU, <br>                     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 04-0391-CV-W-FJG <br> ) <br> ) <br> ) <br> ) |

## ORDER

Currently pending before the Court is Defendant's Motion to Exclude Plaintiff's Expert Witness (Doc. # 36), Defendant's Motion to Extend Time to Present the Issue to the Court with Regard to the Reliability of an Opinion from Plaintiff's Expert (Doc. # 43), Plaintiff's Motion to Strike Defendant's Expert Witness (Doc. # 61) and Plaintiff's Motion in Limine (Doc. # 74).

## I. BACKGROUND

Plaintiff was involved in an automobile accident on July 15, 2003. On July 16, 2003, she was admitted to the hospital and was treated for a stroke. On July 17, 2003, Dr. James Dexter conducted a neurological exam of the plaintiff at the request of her primary care physician. Dr. Dexter determined that plaintiff had suffered a stroke following the accident. It is Dr. Dexter's opinion that plaintiff's stroke was caused by the motor vehicle accident with the defendant the day before.

On September 30, 2004, plaintiffs filed Dr. James Dexter's Expert Affidavit. In his affidavit, Dr. Dexter states that Mrs. Bartell showed a mild left hemiparesis and her

carotid artery doppler study showed some stenosis of that side. She also suffered mild neck pain over the area of the right anterior lateral aspect of the neck. He states that the mechanism was associated with some mild contusion of the carotid artery, which suffered sclerotic changes. It was Dr. Dexter's opinion that the cerebral ischemic episode (stroke) was caused by an embolic phenomenon from the carotid. He concluded that Mrs. Bartell's stroke was caused by the motor vehicle accident. Also attached to Dr. Dexter's affidavit was his curriculum vitae and a list of all publications authored by him in the last ten years.

> The Scheduling and Trial Order in this case stated:
>
> Any challenge to the qualifications of a proposed expert, objections to the foundation of expert testimony, or challenge to a 7(e)(1) fact expert must be submitted to the Court on or before **November 15, 2004**. The objecting party should cite specific reasons for its objection and cite any authority to support that position. Objections not raised by this deadline are waived and may not be raised for the first time at trial. Additionally, any motion to strike proffered expert testimony pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), must be made by **November 15, 2004.**

Scheduling and Trial Order, p. 4 (Doc. # 20)(emphasis added).

Dr. Dexter's deposition was taken on November 19, 2004. On December 17, 2004, defendant filed a Motion seeking to exclude Dr. Dexter's causation opinion. In support of his Motion to Strike Dr. Dexter's opinion, defendant attached as an exhibit, the Affidavit of Dr. Bernard Abrams, who the defendant retained as an expert witness.

## II. STANDARD

In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), the Supreme Court interpreted the requirements of Federal Rule of Evidence 702 as they

2

related to expert testimony. In United States v. Vesey, 338 F.3d 913, 916-17 (8th Cir. 2003), cert. denied, 540 U.S. 1202 (2004), the Court stated:

> Rule 702 requires the trial judge to act as a "gatekeeper," admitting expert testimony only if it is both relevant and reliable. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The trial court is granted broad discretion in its determination of reliability. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 142, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). The gatekeeper role should not, however, invade the province of the jury, whose job it is to decide issues of credibility and to determine the weight that should be accorded evidence, see Arkwright Mut. Ins. Co. V. Gwinner Oil Co., 125 F.3d 1176, 1183 (8th Cir. 1997). Expert testimony should be admitted if [1] it is based on sufficient facts, [2] it " is the product of reliable principles and methods," and [3] "the witness has applied the principles and methods reliably to the facts of the case." Fed.R.Evid. 702; see also General Elec. Co. v. Joiner, 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997).

Vesey, 338 F.3d at 916-17.

## III. DISCUSSION

**A. Defendant's Motion to Exclude Dr. Dexter**

Defendant argues that Dr. Dexter's opinion regarding the cause of plaintiff's stroke cannot meet the Daubert test of reliability. Defendant argues that Dr. Dexter admitted in his deposition that there was no scientific or objective basis to show that plaintiff bruised her carotid artery. Secondly, defendant argues that Dr. Dexter's theory, that there was a temporal association between the accident and the stroke, is not a reliable methodology. Defendant argues that there has been no study and no peer review of any statistics or case analysis with regard to the rate, frequency, or probability of stroke suffered after a motor vehicle accident, unless there is a dissection of the carotid artery. Defendant states that Dr. Dexter's theory is not scientifically based and does not have general acceptance in the field of neurology and is nothing more than

3

speculation.

Plaintiffs state first that defendant's Motion to Strike is filed out of time. Plaintiffs note that pursuant to the Scheduling Order all Daubert challenges had to be filed on or before November 15, 2004. Plaintiffs note that pursuant to the Scheduling Order, if a Motion is not timely raised, the objections to the expert witness are waived and may not be raised at trial.

Plaintiff also argue that Dr. Dexter's opinion is admissible as it was the result of a proper differential diagnosis. Plaintiffs argue that Dr. Dexter began his investigation two days after Mrs. Bartell's stroke and he first conducted a physical examination of Mrs. Bartell, finding objective injuries to the area surrounding her right carotid artery. Plaintiffs argue that Dr. Dexter also examined Mrs. Bartell's medical history to rule out other possible causes of a stroke. Dr. Dexter then also examined Mrs. Bartell's MRI and CT test results. Plaintiffs argue that having ruled out other possible causes of Mrs. Bartell's stroke, Dr. Dexter concluded that the most likely cause was due to Mrs. Bartell's recent trauma. Plaintiff's also argue that Dr. Dexter's opinion that a trauma can cause a stroke is the result of accepted medical science.

In reply, defendant argues that he could not have filed the Motion to Exclude Dr. Dexter until after the transcript was received. As Dr. Dexter's deposition was not taken until November 19, 2004, he states that it was not possible to have filed the Motion any earlier. Defendant also disagrees with Dr. Dexter's testimony and argues that he did not make a differential diagnosis.

The Court finds that the defendant's Motion to Exclude the Testimony of Dr. Dexter is untimely. The Scheduling and Trial Order clearly stated that the deadline for

4

filing challenges based on the foundation of an expert's testimony or for filing Daubert motions was November 15, 2004. Despite defendant's argument that he did not take Dr. Dexter's deposition until November 19, 2004, and did not know the basis for his opinions until that day, his expert affidavit had been on file since September 30, 2004. Dr. Dexter clearly set out in his Affidavit, what his opinion was and what he based that opinion on. The defendant was certainly on notice of what the general nature of the testimony would be. Additionally, if it was not possible to schedule the deposition before the November 15th deadline, defendant could always have asked for an extension of the deadline before the deposition took place. The Scheduling Order clearly states that challenges to expert witnesses and Daubert motions must be filed by November 15, 2004 and if not made by the deadline they are considered waived. The Court finds that defendant has failed to offer any reason why he could not have raised this issue before the deadline or at least moved to have the deadline extended before the deposition took place. Accordingly, the Court hereby **DENIES** the defendant's Motion to Exclude the Testimony of Dr. Dexter (Doc. # 36). The Court also **DENIES** Defendant's Motion for an Extension of Time to Raise the Expert Issue (Doc. # 43).

**B. Plaintiffs' Motion to Strike Dr. Abrams**

Plaintiffs have moved to Strike Dr. Bernard Abrams from the defendant's witness list. Plaintiff states that although Dr. Abrams has been retained by defendant, no expert witness report or affidavit has been filed with the Court, as required by the Scheduling Order and the defendant has not sought leave to file Dr. Abram's expert report out of time. In response, defendant states only that Dr. Abram's affidavit was attached as an

5

exhibit to the Suggestions in Support of the Motion to Strike Dr. Dexter. Defendant states that plaintiffs have had the affidavit since December 2004 and that if they wanted to take his deposition, then defendant would have produced him.

Plaintiff has also filed a Motion in Limine seeking to prohibit any testimony from Dr. Abrams and also any evidence that a verdict in favor of plaintiffs would not be subject to taxation at either the State or Federal level. In reply, defendant incorporates by reference its previous response regarding Dr. Abrams and agrees that no reference should be made in front of the jury that an award would not be subject to taxation, unless first receiving permission from the Court to do so.

The Scheduling and Trial Order states in part:

> 7. **EXPERT TESTIMONY.**
> a. A party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705, Fed. R. Evid.
>
> 1. Standard discovery deadlines include submission of expert affidavits required by Rule 26(a)(2)(B), Fed. R. Civ. P. The affidavit requirement is subject to the provisions of Rule 26(b)(4) of said rules. Plaintiff shall submit its expert affidavit on or before October 1, 2004, defendant on or before **November 1, 2004**, and rebuttal on or before November 15, 2004. These deadlines also apply to the submission of reports pursuant to 7(e), as well as to identifying "fact" witnesses under 7(e)(1). No affidavits or reports are required for 7(e)(1) fact witnesses.
>   . . .
>   d. Any expert affidavit to be submitted under this section shall be filed with this Court.

Scheduling and Trial Order, pp. 4-5 (Doc. # 20)(emphasis added).

It is clear from reviewing the Docket Sheet that the Expert Affidavit of Dr. Abrams was not filed with the Court on or before November 1, 2004. Additionally, the defendant did not at any time after the deadline passed, file a Motion for Extension of Time to file

6

Dr. Abram's report.

In Schuller v. Great-West Life & Annuity Insur. Co., No. C-04-62-LRR, 2005 WL 2257634, (N.D.Iowa Sept. 15, 2005), the Court stated:

> The affidavit of an expert may be stricken for the failure to disclose the expert pursuant to Federal Rule of Civil Procedure 26(a)(2). Federal Rule of Civil Procedure 37(c)(1) enforces Rule 26(a) by providing that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information no so disclosed." Fed.R.Civ.P. 37(c)(1).

Id. at *6.

In the instant case, the Court does not find that the failure to disclose Dr. Abrams' expert report was either substantially justified or harmless. Defendant has offered no explanation as to why the report was not timely filed with the Court. Additionally, the Court notes that Dr. Abrams' Affidavit, which was attached to defendant's Suggestions in Support of the Motion to Strike Dr. Dexter, meets very few of the requirements in Fed.R.Civ.P. 26. The Rule requires that the Affidavit contain a complete statement of the expert's opinions and the basis and reasons for those opinions, exhibits to be used, qualifications of the expert, publications authored by the expert in the last ten years, the expert's compensation and a list of all other cases in which the expert has testified in the last four years. Dr. Abrams' Affidavit states only that he is a medical doctor who is licensed to practice in Missouri and is board certified in neurology. He then spends the next few pages refuting the testimony of Dr. Dexter. No other information is provided as it relates to Dr. Abrams' qualifications, publications, rate of pay or other cases in which he has testified.

Plaintiffs argue that they have been prejudiced and the Court agrees. Dr.

Abrams' affidavit was not disclosed until defendant filed his Suggestions in Support of the Motion to Strike Dr. Dexter on December 17, 2004. Defendant states that plaintiffs never asked to depose Dr. Abrams. However, unless plaintiffs filed a Motion to Extend the Scheduling Order deadlines, plaintiffs could not have taken Dr. Abram's deposition as discovery had already closed on December 1, 2004.

Accordingly, the Court finds that the Defendant's failure to timely file the Expert Affidavit of Dr. Bernard Abrams was neither substantially justified nor was it harmless. Therefore, plaintiffs' Motion to Strike Dr. Bernard Abrams from the defendant's Witness List is hereby **GRANTED** (Doc. # 61). Plaintiff's Motion in Limine prohibiting any testimony from Dr. Abrams and also prohibiting any mention that an award would not be subject to taxation is hereby **GRANTED** (Doc. # 74).

## IV. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendant's Motion to Exclude Plaintiff's Expert Witness (Doc. # 36); **DENIES** Defendant's Motion to Extend Time to Present the Issue to the Court with Regard to the Reliability of an Opinion from Plaintiff's Expert (Doc. # 43); **GRANTS** Plaintiff's Motion to Strike Defendant's Expert Witness (Doc. # 61) and **GRANTS** Plaintiff's Motion in Limine (Doc. # 74).


Date:  September 23, 2005                     **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                          Fernando J. Gaitan, Jr.
                                               United States District Judge

8